*Jno. W. Rodman, for appellees.*

---

### W. H. HALE'S ADMR., ET AL. *v.* H. C. POWELL.

[Abstract Kentucky Law Reporter, Vol. 7—672.]

**Occupant of Land Chargeable with Rents.**

> When land is about to be sold at the instance of a creditor and the owner procures another to bid it in and give him time to redeem it by repaying the money thus advanced, and several payments are made but no redemption or final settlement had, in a suit against the estate of the person buying the land and holding the legal title for a settlement, where it appears that the original owner has had the continuous possession of the land, he should be charged with the reasonable value of the rents.

APPEAL FROM GRAVES CIRCUIT COURT.

March 20, 1886.

OPINION BY JUDGE LEWIS:

In 1874 appellee, Powell, being the owner of a tract of land which was levied on and about to be sold, applied to W. H. Hale to purchase it and give him time in which to repay him and redeem it, and it was purchased by Hale at the price of $424.65. Appellee commenced this action in March, 1882, against the administrator and heirs of Hale, who died in September, 1881, stating that he had made various payments on the land amounting to

$755.55 and seeking judgment divesting the heirs of the title and reinvesting it in himself, and for $204.55 balance overpaid by him, or if that could not be done that he have judgment against the administrator of Hale for $75.- and interest, to be satisfied by a sale of the land.

The administrator in his answer admits the agreement mentioned between appellant and Hale in respect to the land, but states that it was further agreed that appellee would pay interest on the amount bid by Hale at the rate of ten per cent. per annum, and denies that more than that had been paid, and that appellee is still indebted on the amount bid by Hale $551.68 and interest. The adult heirs of the decedent did not answer, but the answer of the infant defendants by their guardian ad litem was filed, in which they prayed that they be not disturbed in their title to the land, but that whatever claim appellee may have be discharged by the administrator.

The lower court rendered judgment in favor of appellee against the administrator for $632.15 and interest from the date of the judgment. But no judgment was rendered determining in express terms the title to the land, though as the prayer of Powell to divest the heirs of title was denied the effect of the judgment may be considered as leaving their title undisturbed. But the court ought to have made an order in their favor for the possession. It appears that the court disallowed all the alleged payments by Powell except $129 paid December 1876, $214 paid June, 1876, $150 paid October, 1877; and the amount for which the judgment was rendered was arrived at by deducting from the last sum and the interest thereon the sum of $74 paid for Powell by Hale, and counting interest on the balances and on the other two sums up to the date of the judgment.

Appellant contends that incompetent evidence was introduced by appellee, and there can be no question but that illegal testimony was offered on both sides. But it is not necessary to refer to it, inasmuch as we think the three payments mentioned and allowed by the court were satisfactorily proved by competent testimony. Besides the amount bid for the land and paid by Hale in 1874, viz., $424.65, he paid the sum of $74 mentioned, and held a note on Powell for $53 due January 1, 1876, $40 of which was, however, paid by Powell April, 1877, leaving balance on that day of about

$16. Appellee, Powell, does not complain by cross-appeal of the judgment having been rendered for the amount paid by him instead of for the land, nor is he in a position to demand the title to the land, never having fully repaid to Hale in his lifetime, nor to his heirs or personal representatives since his death, the amount bid for the land.

It appears that Hale sold to one McGuire a portion of the land, taking his note for the purchase-price and giving to him his title bond. McGuire does not in this action insist upon the enforcement of that contract, not being a party, but it does not clearly appear that he has abandoned his purchase. Therefore neither the heirs, a part of whom claim the right to hold the land, nor the administrator can object to the judgment being for the amount paid instead of .for the land.

It satisfactorily appears, in fact there is no reason to doubt, that Powell has had the possession and use of the land from the time it was purchased by Hale, and he is chargeable with rents. But appellants do not in their pleadings ask judgment against him for rents. We, however, think that he ought not to have the use of the land free of rent and interest on the payments made by him also. The court ought therefore to have deducted from the aggregate of the three sums of $129, $150, $214, which is $493, the sum of $74 and the sum of $16, and rendered judgment in favor of Powell for the balance left, which is $400, without interest and not bearing interest until the possession of the land is delivered to the heirs of ale, for which there should have been an order when the judgment was rendered. If the heirs are to keep the land the note executed by McGuire belongs to them and appellee must be required to surrender it. The judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Robertson & Robbins, for appellants.*
*J. T. Webb & H. J. Moorman, for appellee.*